Robert G. Drummond
Chapter 13 Standing Trustee
P. O. Box 1829
Great Falls, Montana 59403-1829
Telephone: (406) 761-8600
State Bar I.D. Number 2286
Trustee@MTChapter13.com

(Trustee)

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

---

| | |
|---|---|
| In re ) | |
| ) | No. 9:23-bk-90138-BPH |
| BRITANI NICHOLE BACHE and ) | |
| JASON ROBERT BACHE, ) | |
| ) | |
|       Debtors. ) | |
| _____) | |
| ) | |
| ROBERT G. DRUMMOND, Chapter 13 ) | Adversary No. |
| Standing Trustee, ) | |
| ) | |
|       Plaintiff, ) | |
| ) | |
|   v. ) | |
| ) | |
| TERI A. NOBLE, ) | |
| ) | |
|       Defendant. ) | |

---

## COMPLAINT

---

Robert G. Drummond, Chapter 13 Standing Trustee and Plaintiff, respectfully represents the following:

1. This adversary proceeding is related to the Chapter 13 bankruptcy case of Britani and Jason Bache, filed in the United States Bankruptcy Court for the District of Montana on August 10, 2023.

2. The Plaintiff, Robert G. Drummond, was appointed Chapter 13 Trustee in the above entitled matter pursuant to 11 U.S.C. § 1302; 28 U.S.C. § 586(b); and F.R.B.P. 2008.

1

3. Pursuant to 11 U.S.C. § 544(a) and 544(b), the Chapter 13 Trustee and Plaintiff has the standing and holds the rights and powers of a creditor that holds a judicial lien on all property of the Debtors as of the commencement of the bankruptcy case and also that of a bona fide purchaser of real property.

4. The Defendant, Teri A. Noble, is a creditor of the Debtors.

5. This is an Adversary Proceeding for avoidance of a post petition lien on the Debtors' real property and a Judgment avoiding an unauthorized post petition transfer pursuant to F.R.B.P. 7001(2).

6. This court has jurisdiction over this Adversary Proceeding pursuant to 11 U.S.C. § 1334(e); 28 U.S.C. § 157(a); 28 U.S.C. § 157(b)(1); 28 U.S.C. § 157(b)(2)(A), and 28 U.S.C. § 157(b)(2)(K). This is a core proceeding.

7. The Plaintiff consents to this Court entering final Judgment in this matter.

## GENERAL ALLEGATIONS

8. In May of 2017, the Defendant loaned $38,000.00 to the Debtors.

9. The Debtors did not pay back the Defendant according to their agreement.

10. On February 22, 2024, the Defendant filed a Complaint in the Montana Nineteenth Judicial District Court for Lincoln County seeking a Judgment upon the unpaid debt.

11. On May 13, 2024, the Montana Nineteenth Judicial District Court for Lincoln County entered a Default Judgment in favor of the Defendant and against the Debtors.

12. Pursuant to M.C.A. § 25-9-301(2), the Default Judgment became a lien on the Debtors' real property located in Lincoln County.

## VIOLATION OF THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362

13. The Plaintiff re-alleges each and every general allegation appearing above.

14. When the Debtors filed their bankruptcy petition, their property became property of the bankruptcy estate pursuant to 11 U.S.C. § 541(a).

15. 11 U.S.C. § 362(a)(1) operates as a stay against the commencement or continuation of actions against the debtor, or to recover claims that arose before the bankruptcy

petition was filed.

16. The Defendant's Default Judgment attached to the property of the bankruptcy estate in contravention of 11 U.S.C. § 362(a)(1).

17. The Default Judgment created a lien against the property of the bankruptcy estate in contravention of 11 U.S.C. § 362(a)(4).

18. The Default Judgment created a lien that secured a claim that arose before the bankruptcy case in contravention of 11 U.S.C. § 362(a)(5).

19. The Default Judgment was an act to collect or recover a claim against the Debtors that arose before the bankruptcy case in contravention of 11 U.S.C. § 362(a)(6).

20. The Defendant has not requested relief from the automatic stay from the bankruptcy court to pursue her claim.

21. The post petition lien created by the Default Judgment is avoidable pursuant to 11 U.S.C. § 362(a)(1); 11 U.S.C. § 362 (a)(4); 11 U.S.C. § 362(a)(5) and 11 U.S.C. § 362(a)(6).

22. The Trustee is entitled to Judgment in his favor avoiding the lien taken in violation of the automatic stay.

## UNAUTHORIZED POST PETITION TRANSFER

23. The Plaintiff re-alleges each and every paragraph in this Complaint.

24. Pursuant to 11 U.S.C. § 549(a), the Trustee may avoid any unauthorized transfer of property of the estate.

25. The Defendant's Default Judgment lien transferred value away from the bankruptcy estate and is an unauthorized transfer of property of the estate.

26. Pursuant to 11 U.S.C. § 551, the transfer avoided under 11 U.S.C. § 549(a) is preserved for the benefit of the bankruptcy estate.

27. The Trustee is entitled to Judgment in his favor avoiding the transfer and avoidance of the post petition Judgment lien as an unauthorized post petition transfer.

WHEREFORE, the Plaintiff prays:

1.     For an order avoiding the Default Judgment lien of the Defendant in the Debtors' real property as a violation of the automatic stay.

2.     For an order avoiding the Default Judgment lien of the Defendant in the Debtors' real property as an unauthorized post petition transfer.

3.     For such other and further relief as the Court deems appropriate.

DATED April 25, 2025.

            Chapter 13 Standing Trustee
            P. O. Box 1829
            Great Falls, Montana 59403-1829


            By/s/ Robert G. Drummond
                Trustee/Plaintiff


## CERTIFICATE OF MAILING

I, the undersigned, do hereby certify under penalty of perjury that a copy of the **COMPLAINT** was mailed on April 25, 2025, at Great Falls, Montana, and directed to the following:

        Teri A. Noble
        350 Cabinet View Country Club
        Libby, MT 59923

            /s/ Tiffany Floerchinger
            Tiffany Floerchinger